Okay, so you only get 15 minutes total and so They are related obviously and so I I would suggest But that does give each of you a little bit of rebuttal time because you each have an appeal So my suggestion and are you're from I'm taking it you're from Grace month, correct. Okay, so What so what I would say Um, do I have is there someone? Here by video to from Grace month. So no, that's just it's a it's only you Correct at our only you talking correct, except for I only made an appearance in the One matter so that's why the other council was a co-counsel was supposed to come in for the other appeal That's that's where the the rub is. Well, why isn't he here? I can't speak to that your honor, and I don't I don't know if I'll have so if you have some questions I can maybe Personally answer them. But if you get so do we know why the other person isn't here this Joseph Hong? My understanding is he wanted to rest on the briefs on that part of the appeal, okay, so So even though he's listed here, where did he say that Well, maybe on he is but maybe I don't have the let me see if I look at the latest one okay, I was looking at the one that's in my book, but Let me make sure Okay, so I think I only okay. I only have her on this one. I had him on an earlier one. Okay, so Did he talk to you about this? He I got an email about two days ago saying that we're just going to rest on the briefs on that part of the appeal and I won't be appearing and So just to be clear on the numbers. I made the appearance in number two zero dash one seven three three five Which is the one where you are the appellant? Or are you what are you appearing where you're the cross? Correct? That's the one where Grace Mott is the appellee, correct? Well, then that's why I was saying I can if I'm that's a little tricky because The appellant usually goes first so and So let's figure out Counsel for Bank of New York melon did email me so we kind of coordinated She said she was fine with me going first She would go but use all of her time and I have her but we want to change it up today I'm fine with that too, but we agreed. All right. It's a yeah I'm just letting you know that we had a discussion that if the court wanted to go with that Well, it's up to the it would be up to the court at this point But but that's why but I know when all I have a cross appeal and and an appeal But you only get 50 you don't get 15 minutes on each of them So if I'm understanding, I mean, I would generally I would generally have Since we actually have you listed on Both of the cases or the person didn't I mean on the calendar today? We only have you appearing I guess what I would suggest is I think Pursuant to I mean we know what this is about and it all is intertwined So if I if I were to understand, I know you're not at this. You're not at the podium right now, but for the bank Maybe you want to come up there just for a second. So I have all this recorded. So So I'll I'll I'll strong arm both of you into an agreement and then neither of you can complain about this But it's my understanding that you basically agreed that grace want would go first but then you have some time to reserve for rebuttal and then The melons gonna go is that right? But you know, you have some time to reserve for rebuttal because you You're representing State your name to good morning, Your Honor Natalie Winslow for Bank of New York Mellon. Okay So, are you okay with that process then yes, your honor, however, the court wants to do it is fine with Okay, so we'll so we'll do it that way And so then actually the bank's gonna be the last one to talk but if either of my colleagues have questions due to the a little bit of the irregular process, I'll allow my My colleagues wide berth on that as well, okay Okay Here we go Sorry for all the confusion. No, no, no No I'm glad that you brought it up because I had a note to bring it up and I was just surging ahead So I'm glad that you did go ahead May it please the court. Good morning. My name is Karen Hanks. I do represent Grace Mott Avenue Trust at this time I'm going to reserve seven minutes for rebuttal as I indicated I did appear on case number 2 0 dash 1 7 3 3 5 I'm more so prepared to address the court's question as to the application of Thunder Properties Here the district courts order can be affirmed finding that the bank's complaint was time-barred the court here did not use the sale She used well, I don't think it's quite that easy. I don't think it's quite that easy we've all read Thunder Properties and we've kind of come out of that and Thunder Properties basically held that the HOA foreclosure sale Standing alone is not sufficient to trigger the statute of limitations, which is what the district court did here So I think it talks about specific what specific actions if any did Grace Mott take after June 13th of 2012 The 2012 foreclosure against the bank and and this is where I want to address Thunder Properties and one of the biggest criticisms of the dissent was it didn't give you the analysis of how you then would apply that Holding right it literally just said the sale standing alone now when we're talking about a statute of limitations We have to read it in Thunder Properties in harmony with other case law statute limitations, and that is notice right notice that the bank Understands that its continued existence of its lien is in question. I mean, that's really what it boils down to well I think just for me I can't speak for my colleagues because we haven't conferenced on this, but I'm just gonna say for me It looks like the district court erred in Just saying that that the HOA foreclosure sale triggered the statute So I'm interested in because it looks to me like Thunder Properties talks about notice of disturbed possession as being a requirement and I'm interested to know what Actions if any Gracemont took after that and sure and I can talk about the actions after but just for a point of clarification The district court found it was the recordation of the foreclosure deed that triggered and so that was a day later and I understand that's Still an action in terms of related to the sale, but she did not find the actual sale date It was the recordation of the foreclosure deed and the reason why that's important is you do see from the foreclosure deed recording that a third-party Purchaser did purchase the property at the sale. So then what happens on the part of the Gracemont? What's your question? They didn't pay the lien They're not obligated to pay the loan like the borrower and they don't pay it the very first day that that the very first month After the deed records in their name, they don't pay the loan. They don't pay it the month after they don't pay it the next month after there's also a statute in Nevada NRS 107 point two hundred and point two ten that allows a Successor and insurance to request information about a loan that they would not otherwise be privy to because they're not the borrower and one of the Key information they can ask is the amount required to discharge the loan Gracemont did not ask for that information So what you have to look at also during this time period is that this particular bank was in In litigation with countless purchasers and HOA foreclosure sales, okay, so if I'm hearing you You're saying that you didn't do anything other than this Other than Record that you didn't do anything. So if if Thunder Properties requires more Some notice of disturbed possession. You're saying the fact that you did nothing Was your notice of disturbed possession, I I'm not really quite understanding you here well because the holding is analogous to disturbed possession because they couldn't find that 107 0 8 0 or 0 7 0 where you have a Title holder that actually needs to have their possession or title disturbed They said something analogous and this is what they said They said some action like such as repudiation or and here's the or or that is otherwise Inconsistent with the liens continued existence. That's what they said. There's an or and that is an action inconsistent with the liens continued existence because as the Purchaser and not the borrower you have no obligation to pay the lien or the loan underlying the lien That I'm having. I think it's similar to what Callahan is getting at is I could kind of for instance, I could see how recording seems in can you know, you could argue The problem that you have this language in Thunder Properties that says mere notice of an adverse claim is not enough It says that a couple times and so it's almost like Thunder Properties is saying you have to go Affirmatively do something and it seems like the examples other than the recording Which I suppose one could argue that well when you're recording you're just basically recording Nobody's disputing that you thought you had an interest. The question is whether or not you think your interest extinguished their interest, right? And so other than that affirmative act everything you're relying on is is not doing something it seems like and then it says But if mere notice of an adverse claim is not enough, how can not be doing something be enough? That's what I'm struggling with because it's in the in the sense of a particular person Recording it and then if they were obligated to do something with the loan They would do these things in other words if they were recognizing your lien and the existence of it I mean, here's the common definition of repudiation The Period is triggered when someone presses an adverse claim seems like it make not making payments Doesn't seem to be pressing an adverse claim to quote to quote Thunder Properties That's that's I'm not I'm not super clearly sure what to do with Thunder Properties and it seems like yeah That's kind of why we have And that's the thing your honor I think that's where you have to come down to it where I think it look where I'm coming from it from a from a After-the-sale, we have to look at the culmination of events. The claim was filed against both the HOA and Gracemont in this case it was filed against both of them quiet titles filed against both of them So we can't ignore this is where my supplemental briefing address We can't ignore the actions leading up to the sale Recording of the notice of default right and Bank of America testified that in 2011 they knew I'm accepting this is true for the sake of argument that ACS wouldn't accept their payments and yet they tried to pay or they tried to get information and got rejected. That's an action That's happening that is inconsistent with your liens continued existence Then the sale happens then this the property transfers to a third party that deed gets recorded That's an action the party records the deed then you have you know at that time even prior to this sale in 2012 Bank of America had filed an action in federal court in 2011 against HOAs and collection companies saying you're not recognizing that there's a super priority You're not recognizing our right to pay it and then they had a dispute as to what it comprised of These are all things that culminate into the point of this sale and then the recordation in Gracemont's name Then even after that period of time you have countless litigation with these Purchasers including Gracemont. So that's the action that's happening Well, let's just say all those actions that you're talking about that led up to the foreclosure Would you concede that that none of those would start would trigger the statute? I don't concede that your honor because you're filing a claim against the HOA in this case as well So you're saying well that just seems clearly inconsistent with Thunder I I disagree because because Thunder Properties only said it has to be something more than the sale alone They didn't go into the weeds of that particular case I didn't say that it says mere notice of an adverse claim is not enough if it said something Well, you just said they would be easier, but it says mere notice of an adverse claim and you know You have to instead you have to have someone press an adverse claim. It's that sounds very Active and you're saying they're really actively not doing anything is what you're saying It seems like to me other than the recording of the deed Right, but then the other problem you have with that your honor is You have them denying the bank's argument that they don't have any statute of limitations So essentially now we're in this conundrum. Are you saying they didn't say the purchaser had Thunder doesn't say they have no statute of limitations No, I know so so yeah, let's kind of pull everyone back from the extremes You know, it's sort of like Nevada to me has been la la land over I have no idea how the HOA's got something like this passed and that the whole thing but that being said they did and We know that that but you also have the case where? You lost on summary judgment, right? No, not summary judgment your honor. You're talking about the trial. Well, okay, but basically the district court found that There has been That that there was no evidence that we that I think that the bank asserted that giving the money that that that That they that actively is that ACS or whatever had actively been Subverting all of this and the district court said you didn't present any evidence to the contrary And so you lost on that legal issue, right? So I guess what? Let's just say Hypothetically, I know hypotheticals are hard for people because I know that that doesn't mean you're conceding what your viewpoint But let's just say hypothetically that we don't think grace month has shown Enough was done after and that the statute had it did what has happened didn't trigger and that there's nothing Percented that could and we say okay the bank is within the statute of limitations then based on this other finding if If you can't upset that then The bank wins, right? You mean even if you if the bank the bank won on that the bank won on the issue there But they lost it's kind of an odd posture, but they've lost on the statute of limitations So essentially it just puts it no one gets anything, right? It just leaves it where it is. But let's say hypothetically we think that the bank Filed is it didn't blow the statute of limitations if we find that here then If you if we don't agree that you should that That no evidence was presented about You know these the dealings of that they wouldn't give the amount they wouldn't they wouldn't cooperate and give the amount that could be paid So that they could save it then you lose right then the bank wins If if their claim goes forward and yes And you were able to they were able to prove and you affirm the trial court's order on the defense Yes, that would hypothetically be the result. Yes, what's at play here though is You now you have the city of st. Paul versus Evans case that says you can't allow a party to use a defense Basically get around a time-barred claim and do a subterfuge and make their defense what their claim would well I'm a little bit struggling with and I'm just gonna be candid with you because I I think that it can be helpful to people I'm I'm not buying your that that grace want did the plus here at this point I haven't I haven't reached a final decision or whatever, but I'm struggling with Can do I decide that here or do I remand it to the district court? To apply thunder in the first instance here, and I don't think that's a wrong decision. Your honor. I've said that I've Filed other motions with this court remand. It is a I believe that Thunder Properties only gave the holding and did not give the factual analysis Is there any Genuine disputed material fact here or is it just a matter of legal interpretation of what all these facts mean in terms of whether the statute? It's I think it's a legal It's a legal holding as to that the statute limitations four years and the trigger date does require it can't just be the sale That's the holding but where the factual analysis is is what facts were happening? What actions were happening that were inconsistent with the liens continued existence that? I think there's a dispute about the facts partly because there's no record of the facts I mean they're in the supplemental briefing But below the court categorically just found the claim was time-barred based on the recordation of the foreclosure deed There was no analysis as to the trigger date Everyone was operating at that time as if that would be the truth Well at least the sale itself would be the trigger date here the court took the recordation of the deed So I think there could be there is a further factual analysis as I've highlighted in my supplemental brief Where was in other words where was Bank of New York Mellon's notice did they honestly sit with this case? and during that time period 2012 2013 and Tell themselves we don't think our lien has is not continually existing. It's they had notice There's other actions happening outside of Grace Mott But we were but they'll probably can see they had noticed, but they just wasn't notice of a disturbed possession I mean the funder property clearances you got to have more than just notice of an adverse claim But the point is the actions that are challenging it says or actions that are inconsistent with your liens continued existence those actions of Contesting liens Fighting those liens having to file a lawsuit with the federal court to get collection companies to acknowledge as your prior These are all actions that are inconsistent with the liens continued existence after all why did they file the claim they filed it in? 2017 and I want to know why did you file your claim you were on notice of something? What changed in that time period what happened between 2012 and 2017 nothing in the sense of nothing different than I'm talking your theory of? They waited till 2017 because that's when the economy got better now suddenly this the properties are worth We're doing that why do you think they waited till the quiet title? No, well, this is the quiet title action, so this wouldn't it didn't matter the market was getting better They still had to go into court no I don't like you know in theory they should at your I think you're saying you know if they really They could have filed it years earlier. They could have filed this thing years earlier. Why do you think they waited till 2017? I don't know. I don't know why they waited too long. I don't know all I'm all up I'm saying is they waited too long and There's nothing no factual Actions that were happening during that time period are any different all the facts and actions that I'm talking about all Existed during that time period so what would be the basis to be able to say I can wait until 2017 to file the action Okay, we've basically taken up all your time, but I'll give you two minutes for rebuttal I Mean your honor's Natalie Winslow again for Bank of New York melon Well, we've kind of centered the issues for you, so that should help out So basically it sounds like grace month saying the recordation of the foreclosure sale Why isn't that sufficient to be a notice of disturbed possession under Thunder properties? Yes, your honor and miss Hanks position really is The events that happened pre foreclosure sale gave some sort of notice of disturbed possession to me She says that but she also says that the recording of the deed is Something that they did after that should satisfy disturbed possession. I think I think I heard that the reason why that can't be sufficient under third under properties is because as the majority discusses in Thunder properties Not all Superpriority lien foreclosure. I'm sorry not all HOA foreclosure sales are on a super priority lien The bank can pay the super priority lien presale. They can tender Excusive tender can happen in other words just simply because it was a foreclosure sale and there was a foreclosure deed Recorded does not press an adverse claim And that's particularly true when you look at the facts of this specific case because in this specific case Did you get any communications From grace month between June 13 2012 and January 16 2013 no, your honor There were no communications. The first communication that Bank of New York Mellon had with Grace month occurred when Bank of New York Mellon filed its lawsuit in January 2017 and then grace month appeared and filed counterclaims against Bank of New York Tell me why did Mellon wait four and a half years after the recording of the sale to do it? That's the burning question. The answer to that is from a very practical perspective is in 2017 all of these banks were starting to their own foreclosure process And No bank and actually no purchaser in nature a foreclosure sale either No one could get title insurance post foreclosure sale So as the bank was contemplating moving forward with foreclosure, it wanted to get Make sure that the property would be able to be insured title companies were not insuring But you know, I mean the bank hadn't been paid for ever since 2012 or July of 2000. So why in the world is sit around for years your honor? I don't know the answer to that question. It's not in the record But I will say that Nevada has a very rigorous foreclosure mediation process So in a lot of instances banks are hesitant to move forward until it makes sure that all of those statutory requirements are met if I could turn back to Who has possession of the house right now who actually has possession of it? Is it? Grace one grace one has possession Bank of New York Mellon has not yet Is that the norm in these cases is that the person that came in and purchased it at the foreclosure sale has possession until? You find until the bank's work Title clearance proceedings are sort of finished. That's correct. And that was actually one of the big how does that not kind of? Put you on notice well because The reason why it doesn't put you on notice is because What was contemplated when all of these HOA foreclosures began in 2011 2012? was that these purchasers would come in purchase the properties at the HOA foreclosure sales and then sit back and wait for the deed of Trust beneficiary to foreclose In fact, you can see in this case. Okay, that's fine But they're not sitting back and waiting they're rolling in taking possession and I assume renting these properties out to people It was their property to do that they can do whatever they want with the property until there is a deed of trust but they're not paying you and that that goes to her point that they're but But that was sort of the understanding. They're not You'd hope they're making the payments to you if you have the priority if you have priority as a lender Yeah, that would be the best case scenario for Bank of New York Mellon But certainly the purchaser wasn't obligated to pay on the loan. They Weren't a party to the contract they could simply sit back collect rents and wait for Bank of New York Mellon to foreclose and that really is the draw and get there a lot of these if I recall for They foreclosed for some fairly low amount. So if they have possession for a few years That you know, they get I don't know however much a month for two years it's enough to actually get their interest out of it and they Okay, so I guess I could see where That might be something that everybody understood Yeah, well and your honor if you look at the actual record in this case with the communications between the HOA trustee ACS In Miles Bauer the law firm for Bank of America here. You can see that that was really what the HOA trustee and Miles Bauer understood what's happening because and this is at Excerpt a record 425 is the letter from ACS to Miles Bauer after Miles Bauer is attempting to find out the super priority lien amount to tender that and what ACS says to Miles Bauer is ACS recognizes the The bank's interest as being the senior mortgage holder, so there was no Like what miss Hank says there was no Confusion pre foreclosure sale between the parties that the bank had the senior interest and and ACS goes on in that letter and actually paragraphs one and two and talks about how it was not going to provide to miles Bauer the super priority lien amount of nine months of assessments because from ACS's perspective the super priority lien amount the super priority lien did not come into Existence until after the deed of trust foreclosure now that was what we found out to be in the SFR investments decision in 2014 an incorrect position because the super priority lien exists at the time the notice of lien is recorded, but it does illustrate that The parties here understood that there was no no dispute Well, let's let's kind of I want to kind of go out these hypotheticals You don't have to I recognize the hypothetical doesn't concede anything But let's say that and and I I'm not speaking with any knowledge of what the panels We haven't we don't have a conclusion. We had we don't conference till after we hear oral argument, but let's say hypothetically we Would agree that the district court was wrong about under Thunder Properties about that the statute of limitations had not run All right Is that something we can decide here or is it something that we need to remand to the district court? To apply Thunder properties in the first instance I think that this panel could decide that the court erred in Finding that the statute of limitations ran I think the appropriate procedural mechanism at that point would be for the court to remand for the district court to determine the The trigger if any for the statute of limitations Why do you think there's disputed facts or is it just a legal interpretation? It's a there are no disputed facts It is a legal interpretation But I think that because the district court did not have the benefit of Thunder properties and did not apply Thunder properties It would be appropriate for for the just a legal interpretation Inefficient to send it back to the district court to interpret and then whichever of you loses come back here a second time I mean we can decide the law Supposedly even better than the district court. I do think it is Judicially inefficient to do it that way. I just think procedurally that to me makes the most sense So then we can see all you again That's that we really like you yeah, we really like you well Let me add to that. It's a little surprising I could totally see since since your adversaries have possession of the house But I mean that that's gonna burn up another year and a half Of and you won't have the house that whole time right your bank won't have the house So if you were going to prevail, so I'm a little surprised that you would have that that you would have that position well There's nothing stopping the bank from right now going out and foreclosing it might There is no injunction in place and as the district court held with respect to the trust's counterclaim The deed of trust survived the foreclosure I would think if I were in your position and and I'm not so I don't have all that but that I would say oh You three can decide that and you can say that That it was filed within the statute of limitations and that the then the The other claim that has to do with ACS that you prevailed on that We could affirm that and then we could send it back to the district court to order judgment in favor of the bank Yes, your honor. I do think that that well, that's what I would think you would be arguing But what you argue but but I I would never you know, I I don't want to put you know And I'm not putting words in what we would do But I think we have that option if we felt That there were no disputed facts that there would be nothing more that grace month that we know everything that the district court would know and that if we Agreed that the district court erred and ruling against you on the statute of limitations that we could do that but then we have to separately look at where you prevailed on the Claim regarding whether ACS whether there's any factual disputes on that Yes, your honor and it is as you said with miss Hanks argument we are in a odd procedural posture because the counterclaim which was the mirror image of The bank's claim actually went forward to to a trial on the merits And and the district court made specific Findings that so we're reviewing that for on what basis Whether there was clear error. So from from The bank's position there was no clear error. In fact, you are gonna say you should win on that I mean, I don't want you to give away the right. I mean you shouldn't give away the entire courthouse there, I mean Right the the the substantive Claim that went forward on at trial That should be affirmed because there was no clear error that the district court made and in fact both in the trial at the trial and in the briefing on appeal the the trust makes really one argument for why there was clear error and That is that no representative from the HOA trustee testified and therefore The bank could not show that there was a known policy every time I want to make clear to both of you I mean, obviously we listen to what both of you say and we take you through hypotheticals and we don't whether you We we don't I think anyone that argues before a court knows that courts don't always do what the parties ask us to do I mean, we will make our independent determination But it was surprising to me that you were conceding that we didn't have the authority to decide I am NOT conceding that this court does not have the authority to decide that. No, your honor I was just saying that that may be the more appropriate mechanism would to Be to put it down to the district court to decide it, but I do think this court could decide it as well, too You know so It doesn't sound to me like either side is saying to judge Gilman's questions Whether there's a disputed issue of material fact Nobody's saying there's any disputed issues of material fact as I heard your opposing colleagues say it was more just that these facts sort of Really weren't gotten to by the district court and so sort of came out in the supplemental briefing But if they're not disputed, I'm trying to figure out is that a you know, can we if they're not disputed issues? You know, they're gonna be saying facts before the district court and so and we just applying a lot of those undisputed facts I'm trying to figure out if that's any sort of Bar either either hard bar or maybe a prudential bar of us not reaching it. That's the only thing I could think that would What is your view of your opposing counsel's? argument that Well, you shouldn't reach it because The district court never never reached these at all not that they're disputed But that the district court never reached these issues at all The district court did consider when the statute of limitations was triggered in fact But it was better End of story you lose so it never got to these facts that are yeah It's because it stopped at a certain point and never I mean you're putting counsel's arguments I understand is it didn't really consider or address or discuss any of these facts beyond that I guess should we just not worry about it because you both agree as to what the what the what the facts are I mean it seriously like I guess in district court you could you would both agree to and those would be the facts Well the only date proposed set forth by the trust Down below for what triggered the statute of limitations was the HOA foreclosure sale Yeah But I mean in that and we could say that they'd waived any other argument except for a new law came out and and so Presumably they should have a chance to address that new law, right? Well The Well, I think that Thunder Properties confirmed what the statute of limitations was but the statute of limitations has always been what the statute limitations is and it was hotly contested before Thunder Properties came out earlier this year two things one whether there was a statute of limitations and to what triggered the statute of limitations and and obviously that was the case because That was certified to the Nevada Supreme Court to decide because well did they argue down below that all the facts that were That I think that counsel for Grace month was saying here that they're also They're arguing what happened before the foreclosure is Those are important facts Were those facts all part before the district court? The facts were before the district court, yes, your honor It was all part of the summary judgment briefing The trust did not argue that those facts gave rise to any sort of statute of limitations Trigger dates other than the HOA foreclosure deed recording Okay My colleagues don't appear to have additional questions, but I'll give you two minutes for rebuttal too. So we'll kind of do that Your Honor just picking up on your last Question not all the facts that I have argued in the supplemental brief will before the district court Namely the lawsuit filed by Bank of America in 2011 But but if they're not going to be active to my question if they're not going to be disputed You know, if you don't have a disagreement about it, they are before us that are saying facts that will be for them So to judge Gilman's question, why couldn't we just you know, cut out the middleman? You could you could I what I was going towards was there might be even more facts And that's where remand might be appropriate and that's where I brought that's where that would be unless they're disputed That would be frustrating for us because that's kind of why we ordered the supplemental briefing I think I'm not to speak for my colleagues, but like that's what we wanted to know Right, but unfortunately the one of the in one of the facts that I think would be important to know is Why did you file your lawsuit in 2017? What notice did you not have before that point that somehow changed if you're saying Grace Mott didn't give you any notice What happened in 2017? So I'm just saying that's a possible element. I'm just speaking hypothetically honor Do I think you have enough facts to decide that the district court can be affirmed? Yes, but there may be additional facts I do want to clarify one point though in terms of the holding Your honor when you're talking about pressing an adverse claim. That is not what the Supreme Court said with this that discussion happens at Page Sorry, I don't have the pin site. It's it. Yeah, it's at foot. It's at the head note 23 They're actually talking about what is required when you are pressing an adverse claim against someone who is a title holder or possesses the property The holding though, they're doing it just in terms of analogy They that is not the holding for a context of this case The holding is there has to be some action that repudiates the lien or is inconsistent with the liens continued existence And that's why our argument is it's a culmination of these events that lead up to the recordation of the foreclosure deed It's a recording of the foreclosure deed to a third party and it's that third party I mean if we take the basic definitions of repudiation, they are refusing to acknowledge your lien. They're taking possession They're doing things with the property. They're paying the taxes. They're paying the HOA dues and what aren't they paying? They're not paying the bank's debt because they don't believe the lien exists It's extinguished and that's also further proven by the fact that the same purchaser is Litigating in other actions and disputing it. It's a consistent position It couldn't it also just be you know, if I was if I was in your shoes or your your clients shoes Couldn't it also just be you know What if we if we behave ourselves and pay the taxes and do all this stuff? They'll just let us hold on to it for three years and we only paid I don't know how much for this one But they will only pay 10 grand for this property and we'll make a nice, you know We're gonna with three years of a rental income. We'll pull out 30 say and so why wouldn't in other words? I'm just not clear to me that those actions Those actions don't don't necessarily is why do those actions necessarily indicate that they were adverse? Why couldn't somebody a rational economic actor sit there and say I'm gonna take all these actions to be a really good Property holder until the bank finally decides to act and and I think I'll be able to make some money off of just doing that Because the only requirement that that Thunder Properties said was actions that are inconsistent and that is an action Inconsistent the fact that you aren't requesting the information to discharge the debt That's inconsistent That's all that the court said and these are we can just look at the common Definitions of those words the common definition of repudiate is refusing to acknowledge those are actions that do those very things and And while I understand someone might have might be able to look at it that way The bottom line is you as a lien holder are you have to take this is notice to you That's all this is about notice that you potentially have a question as to whether you're lien persisted after this sale And I'm frankly Under properties that it's clearly got to be more than notice of adverse claim It's got to be something that shows disturbed possession. That's the something more that I understand is the issue before us But is that but the abortion but they couldn't they didn't say that in the sense that they said it had to just be analogous and then what they said was such as repudiation or Actions inconsistent with the liens continued existence. That's what that's what they said was analogous because well I think we've I think we've squared up where we are what we think are the issues here so I appreciate both of you in terms of the argument that you presented to the court and This matter will be submitted. Thank you both for your argument
judges: Gilman, CALLAHAN, VANDYKE